UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AMON ALEXANDER-HASSAN WILLIS,

Plaintiff,

v.

ERICA HUSS, et al.,

Defendants.

Case No. 2:22-cv-00211

Hon. Paul L. Maloney

# ORDER

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (R. & R, ECF No. 175) the Michigan Department of Corrections Defendants' objection to the R & R, (ECF No. 176) and Plaintiff's response (ECF No. 177). Under the Federal Rules of Civil Procedure,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). After de novo review, the Court finds the R & R is factually sound and legally correct.

## BACKGROUND

Amon Alexander-Hassan Willis is an inmate in the custody of the Michigan Department of Corrections (MDOC). At his deposition, Willis testified that in November 2021 he was struck in the head by another inmate, which resulted in an injury requiring emergency brain surgery in January 2022. The brain surgery left Willis with a large incision and staples in his head. Willis testified that he was assigned to a bottom bunk detail by a medical professional following the

surgery, but that he was given a top bunk after he was returned to the correctional facility. He told two corrections officers that he had a bottom bunk medical detail: Defendants Brennan and Cobb. He told both officers that the restriction was due to his surgery and that he showed Brennan a hard copy of the restriction. He testified that both defendants told him they would look into his accommodation, but that neither defendant took action. Only a few days after the surgery, he lost consciousness and fell from the top bunk, striking his head on the floor. He was rushed to the hospital for a second emergency brain surgery. After the second surgery, he lost most of the mobility in his legs and now needs to use a wheelchair or walker.

Willis sued the MDOC, various MDOC officials and employees, and a health care company contracted by MDOC, asserting violations of the Americans with Disabilities Act, the Rehabilitation Act, and his rights under the Eighth Amendment. Defendants Brennan, Cobb, Huss, Erickson, James, and the MDOC have moved for summary judgment and Defendant Westcomb has also separately moved for summary judgment. The R & R recommends that the summary judgment motion filed by Brennan, Cobb, Huss, Erickson, and the MDOC be denied in part by leaving Willis's Eighth Amendment deliberate indifference claims against Brennan and Cobb in the case. The R & R recommends that summary judgment be granted for all other moving defendants.

Brennan and Cobb object to the magistrate judge's recommendation.

**DISCUSSION**

Brennan and Cobb argue that they should be granted summary judgment on Willis's Eighth Amendment deliberate indifference claims because they are shielded from such claims by the doctrine of qualified immunity. They argue that Willis has not shown that in 2022 there was a

clearly established right for prisoners to have serious medical needs treated if the prison officials only had knowledge that the prisoner had a bottom bunk medical detail.

The Eight Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. In the prison context, "a prison official's deliberate indifference to conditions that pose a substantial risk to an inmate's health and safety violates the Eighth Amendment." *Finley v. Huss*, 102 F.4th 789, 805 (6th Cir. 2024). But the doctrine of qualified immunity can protect government officials from lawsuits for civil damages, such as Willis's Eighth Amendment deliberate indifference claims here. *See id.* at 804. To overcome a qualified immunity defense, the plaintiff must establish both that (1) the government officials violated a right, and (2) the right was clearly established at the time of the alleged violation. *See id.*

"A clearly established constitutional violation requires on-point, controlling authority or a 'robust consensus of cases of persuasive authority.' " *Ortega v. U.S. Immigr. & Customs Enf't*, 737 F.3d 435 (6th Cir. 2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). The precedent "cannot just suggest that the officials' conduct was unlawful . . . [r]ather, it must make apparent that the conduct was unlawful under the circumstances." *Finley*, 102 F.4th at 808 (citations omitted). The right must not be defined too generally; it must be defined "with enough specificity to address 'whether the official acted reasonably in the particular circumstances that he or she faced.' " *Id.* (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63-64 (2018)). But neither is it necessary to point to a case "on all fours" with the present facts. *Id.* The precedent only need be "sufficiently analogous to ensure that a 'reasonable official would understand' that she is violating the right in question." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The Sixth Circuit "ha[s] long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Brennan and Cobb acknowledge this case law. But they argue there is no evidence that they knew of Willis's specific medical condition or that his condition would put him at risk if he were assigned to the top bunk; Willis only told them he had a bottom bunk assignment because of a surgery. Brennan and Cobb argue that it is not clearly established that mere knowledge of a bottom bunk medical detail "amounts to" being alerted to a prisoner's serious medical needs. (MDOC Defs.' Obj. 2, ECF No. 176.)

Brennan and Cobb's formulation of Willis's rights is unnecessarily narrow. As they themselves acknowledge, it is clearly established that if a prisoner has alerted prison officials to his serious medical needs, those officials have an obligation to offer him medical care. *See Comstock*, 273 F.3d at 702; (Obj. 3, ECF No. 176). The Sixth Circuit "routinely" articulates clearly established principles for Eighth Amendment violations at a similar level of specificity. *Finley*, 102 F.4th at 808 (citing *Comstock*, 273 F.3d at 711).[1] And Brennan and Cobb were alerted that Willis had serious medical needs here. Even if Willis did not alert them to the *specifics* of his surgery, construing the evidence in Willis's favor, Brennan and Cobb were at least aware that (1) Willis had recently had surgery and (2) that a medical professional had subsequently ordered that he be restricted to a bottom bunk assignment for almost six months. Such circumstances were sufficient to indicate that Willis had a serious medical need. Further, Brennan and Cobb likely would have been on notice of Willis's brain surgery because Willis had a large incision on his head that had been closed with staples. (*See* Westcomb Eval., Jan. 21, 2022, ECF No. 165-2,

[1] Brennan and Cobb's argument that the Magistrate Judge relied on cases decided after 2022 is irrelevant because the principle that prison officials are obligated to provide medical care if alerted to a prisoner's serious medical needs was clearly established before 2022. *See, e.g., Comstock*, 273 F.3d at 702.

PageID.2995.) Willis also testified that he told Brennan that he had difficulty climbing the ladder to the top bunk. (Willis Dep. 89, ECF No. 171-1.) A medical need is sufficiently serious if it is one that a physician has diagnosed as mandating treatment, or where the need is "so obvious that even a layperson would easily recognize the necessity" for treatment. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899-900 (6th Cir. 2004).

Because the evidence, viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that the defendants violated a clearly established constitutional right, dismissal by summary judgment on grounds of qualified immunity is inappropriate. *Barton v. Martin*, 949 F.3d 938, 947 (6th Cir. 2020).[2] Accordingly:

**IT IS ORDERED** that the Report and Recommendation (ECF No. 175) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Westcomb's motion for summary judgment (ECF No. 167) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Michigan Department of Corrections Defendants' motion for summary judgment (ECF No. 163) is **GRANTED** with respect to the claims against Defendants Huss, Erickson, James, and the Michigan Department of Corrections, and **DENIED** with respect to the Eighth Amendment deliberate indifference claim against Defendants Brennan and Cobb.

**IT IS FURTHER ORDERED** that Defendants Westcomb, Huss, Erickson, James, and the Michigan Department of Corrections are **DISMISSED** from the case with prejudice.

The remaining claims are:

---

[2] Because sufficient evidence exists for a jury to find that Brennan and Cobb violated Willis's Eighth Amendment rights, their argument that the facts are insufficient to support anything more than claims of negligence also fails.

1. Count I, an Eighth Amendment deliberate indifference claim against Defendants Brennan and Cobb.
2. Count III, an Eighth Amendment excessive force claim against Defendant Cavin.

Dated: October 14, 2026

/s/ Paul L. Maloney
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE